THE STATE, DEFENDANT IN CERTIORARI, v. DAVID L. KELSEY, PROSECUTOR.

Submitted July 8, 1910—Decided November 3, 1910.

Where an indictment charges that the defendant by publishing in a court of justice a writing purporting to be an affidavit duly sworn to, thereby obstructed justice and the due administration of the law because the affidavit was a false one, and that the defendant, although certifying that the oath had been administered by him, had not in fact administered the oath, the crime charged is not that the affidavit was false, or that the defendant had falsely certified that the oath was administered, and therefore two inconsistent crimes are not charged. These are merely statements of facts to inform the defendant in what manner he had committed the crime of obstructing justice.

On *certiorari*.

Before Justices PARKER and BERGEN.

For the state, *William J. Crossley*, prosecutor of the pleas, and *William R. Piper*, assistant prosecutor of the pleas.

For the prosecutor, *Martin P. Devlin*.

The opinion of the court was delivered by

BERGEN, J.    This is a motion to quash an indictment brought here from the Mercer Oyer and Terminer by *certiorari* for that purpose.    The first count in the indictment charges that upon a hearing had in a certain cause before Vice Chancellor Walker, sitting for the Chancellor, the defendant, willfully contriving and intending to pervert and obstruct justice and the due administration of the law and to cause the said Vice Chancellor wrongfully to give judgment, willfully and feloniously published a certain false, forged and counterfeit affidavit, and averred that the affidavit contained facts material to the issue being heard before the said Vice Chancellor.    This count further charges that the affidavit purported to be that of Paulina Tatray (signed Polli Tratrai), and that it was certified by the defendant as a justice of the peace, that it had been sworn to by her before him, the defendant well knowing that it was signed, but that no oath had been administered to the affiant.    The argument of the defendant in favor of a motion to quash this count is that it charges inconsistent offences—(a) publishing a false affidavit; (b) omitting to administer the oath.    This argument has no merit.    The offence charged is the obstruction of justice in publishing a false and counterfeit affidavit, counterfeit and false because it had not been sworn to, and therefore was not the affidavit or sworn statement of the affiant as it was represented to be, or, to put it another way, the obstruction of justice by offering to the Vice Chancellor as evidence a paper containing facts which the defendant represented had been verified by the oath of the affiant, when he knew that this was not true.    It is also claimed that it was improperly called an affidavit in the

indictment because it was not sworn to. This is equally without merit, for it was published as an affidavit duly sworn to. It purported to be an affidavit and was published as such for the purpose of perverting the due administration of justice, and it was a false affidavit because this was untrue. The crime charged is not that the affidavit was false, but that being false it was used to pervert and obstruct justice and the due administration of the law. Defendant's counsel misapprehends the crime charged. It is not, as he urges in his brief, that there are two crimes charged in this count—*first,* publishing a false affidavit; *second,* omission to administer an oath to the affiant. These are merely facts which, if sustained by proof, will establish the crime charged. It is argued on behalf of the defendant that a conviction "if it should be based only on the non-swearing of the affiant might entail the same consequences as a conviction for subornation of perjury." But this ignores the crime charged, and assumes that the different ingredients of the crime charged are independent crimes. The indictment bears no such meaning, and is not subject to any such construction. The defendant is clearly informed of the acts which it is charged he committed in the execution of the crime set out in the indictment.

The second count charges that for the purpose of obstructing justice the defendant feloniously offered and used before the said Vice Chancellor the same oath, knowing it to be untrue. The objection which the defendant urges to this count is that it charges that the defendant used and offered for use a certain oath and deposition in certain chancery proceedings, well knowing it to be untrue, with intent to prejudice the complainant in the chancery proceedings, and to pervert justice and the administration of the law, without specifying in what particulars the oath or deposition is false, and in support of this claim cites *Heintz* v. *Union Quarter Sessions,* 16 *Vroom* 523. In that case the defendant was charged with the crime of perjury in swearing that certain persons named in the petition and recommendation for a license to keep an inn and tavern were all freeholders, and it was held that the indictment was defective because it did

not charge whom, among the persons that had signed the recommendation, were not freeholders. But the count now under consideration charges that the material question to be determined by the Vice Chancellor was whether certain beer supplied by the complainant in the chancery proceedings to the defendants therein, "was a good and wholesome product," and that the defendant, for the purpose of perverting the due administration of the law, did offer for use before the said Vice Chancellor for the said purpose, knowing the same to be untrue, a certain oath and deposition, recited at length, which sets out, among other things, "that the said beer was very poor beer and became sour, spoilt and totally unfit for use within two or three days after deponent received the same." This sufficiently points out to the defendant, if it be necessary, in what particular the affidavit is charged to be untrue. The crime charged against him is not false swearing, but using as an affidavit a writing which he knew was not an affidavit in committing the crime of obstructing justice. The latter is the crime charged, the former one of the methods of perpetrating the crime.

The objections urged against the third and fourth counts are that the third count charges the forging, and the fourth count the uttering, of a false, forged counterfeit affidavit "being a record and authentic matter of a public nature," while it is not alleged how the affidavit became a public record. The indictment charges that this affidavit was presented and read to the court in a proceeding in which the matters set out in the affidavit were material to the issue, and the reading of an affidavit upon a rule to show cause why an injunction should not issue, as set out in the indictment, makes it a record and authentic matter of public nature, and it is not, as urged by the defendant "valueless in a court of justice." It at once becomes a record of the court and upon it is based the judgment of the court. This disposes of all the questions raised against the indictment, and the motion to quash is refused. The indictment will be returned to the Court of Oyer and Terminer of the county of Mercer, there to be proceeded with as if this writ of *certiorari* had not been allowed.